Filed 4/29/25  P. v. Howard CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099999 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F01330) |
| v. | |
| GERALD HOWARD, | |
| Defendant and Appellant. | |

Defendant Gerald Howard appeals from a postconviction order denying his resentencing petition under Penal Code section 1172.6.[1]  He claims the court erred in denying his petition at the prima facie stage.  The People argue defendant is ineligible for resentencing as a matter of law because the record of conviction establishes he was not convicted under a felony murder or a natural and probable consequences theory.  We agree and affirm.

---

[1] Undesignated statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL BACKGROUND

We take the facts from our original decision affirming defendant's conviction. (*People v. Howard* (Jan. 8, 2010, C059281) [nonpub. opn.].)**[2]** In 2005, defendant and a codefendant lured victim Donte Rogers to a park. (*Ibid*.) Defendant and the victim arrived at the park in a car. (*Ibid*.) Defendant left the car and went to a nearby building to make a phone call. (*Ibid*.) Defendant returned to the car and asked the victim to get out of the car. (*Ibid*.) The victim complied and they both walked behind the building. (*Ibid*.) Shortly after, the victim was shot in the head and abdomen, and the pockets of the victim's pants were emptied. (*Ibid.*) After the shooting, defendant returned to the car with the codefendant. (*Ibid.*) Defendant and the codefendant were tried together.

An amended information charged defendant with first degree murder (§ 187, subd. (a)) and robbery (§ 211). As to the murder count, the amended information alleged the special circumstances that defendant committed the murder while engaged in robbery (§ 190.2, subd. (a)(17)) and that defendant intentionally killed the victim while lying in wait (§ 190.2, subd. (a)(15)). As to both counts, it was further alleged that defendant was armed with a firearm during the commission of the crimes (§ 12022, subd. (a)(1)).

The court instructed the jury on two theories of murder, malice aforethought and felony murder. (CALCRIM No. 548.)

The court's felony-murder instruction was as follows: "The defendant is charged in Count One with murder, under a theory of felony murder. [¶] To prove that the defendant is guilty of first degree murder under this theory, the People must prove that:

---

**[2]** On the court's own motion, we take judicial notice of this court's unpublished opinion in defendant's appeal of the original judgment (*People v. Howard, supra*, C059281). (Evid. Code, §§ 451, subd. (a), 452, subd. (d), 459, subd. (a).) Our recitation of the facts from our prior appellate opinion is solely for the purpose of efficiently summarizing the background of this case. We do not rely on these facts in resolving the issue raised in this appeal.

[¶] 1. The defendant committed robbery in violation of Penal Code section 211; 2. The defendant intended to commit robbery; and 3. While committing robbery the defendant did an act that caused the death of another person." (CALCRIM No. 540A.)

The court instructed the jury on murder with malice aforethought that required the jury to find that defendant committed an act that caused the death of another person and he acted with a state of mind called malice aforethought. (CALCRIM No. 520.)

The court instructed the jury on the lying-in-wait special circumstance with CALCRIM No. 728, as follows: "To prove that this special circumstance is true, the People must prove that: 1. The defendant intentionally killed Donte Rogers; and 2. The defendant committed the murder by means of lying in wait. A person commits a murder by means of lying in wait if: 1. He or she concealed his or her purpose from the person killed; 2. He or she waited and watched for an opportunity to act; 3. Then he or she made a surprise attack on the person killed from a position of advantage; and 4. He or she intended to kill the person by taking the person by surprise." (CALCRIM No. 728.)

The court also instructed the jury that if it found defendant was not the actual killer, the special circumstance could only be found true if the People proved defendant acted with the intent to kill. (CALCRIM No. 702.)

The jury found defendant guilty of first degree murder and petty theft. It found true the special circumstance that defendant killed the victim while lying in wait and that defendant was armed with a firearm during the commission of the crimes. The jury found defendant not guilty of robbery and found not true the felony murder allegation that defendant committed the murder while engaged in the robbery of the victim.

The court sentenced defendant to life without the possibility of parole, plus one year six months imprisonment. Defendant's sentence consisted of an indeterminate term for the special circumstance murder, one year for the firearm enhancement, and six months with credit for time served for the petty theft count. Defendant appealed his

3

convictions and this court affirmed the judgment in an unpublished opinion. (See *People v. Howard, supra*, C059281.)

In 2022, defendant filed a petition for resentencing. Defendant's petition claimed he was convicted of murder under a now-invalid theory of liability. The People argued defendant was not eligible for resentencing as a matter of law because he was not convicted of felony murder, the jury did not rely on the natural and probable consequences doctrine, and the jury found defendant acted with the intent to kill.

Based on the record of conviction, the court found defendant ineligible for relief under section 1172.6 as a matter of law and denied the petition. Specifically, the court found, "the jury instructions and verdict forms, establish [defendant] was not convicted under any theory of imputed liability" because after finding defendant guilty of first degree murder the jury found true the allegation the murder was committed by means of lying in wait. It also found that the jury could not have convicted defendant on the theory of felony murder because it found him not guilty of the robbery count.

Defendant appeals.

DISCUSSION

Defendant claims he has established a prima facie case under section 1172.6, asserting his murder conviction was based on a theory of felony murder. We disagree. The trial court did not err when it found defendant was ineligible for resentencing because the record of conviction, including the jury instructions and verdict forms, establish as a matter of law that defendant is ineligible for resentencing under section 1172.6.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437) was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch.

4

1015, § 1, subd. (f).)  The Legislature accomplished this by amending sections 188 and 189 and adding section 1172.6 to the Penal Code.

Senate Bill No. 1437 amended the felony-murder rule by adding section 189, subdivision (e).  (*People v. Harden* (2022) 81 Cal.App.5th 45, 50-51; see *People v. Strong* (2022) 13 Cal.5th 698, 707-708.)  Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder:  "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2."  (Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also "amended the natural and probable consequences doctrine by adding subdivision (a)(3) to section 188, which states that '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.'  (§ 188, subd. (a)(3), added by Stats. 2018, ch. 1015, § 2.)"  (*People v. Harden*, *supra*, 81 Cal.App.5th at p. 51.)  This language eliminated the use of the natural and probable consequences doctrine in murder prosecutions but left "personally possessing malice aforethought a necessary element of murder."  (*People v. Gentile* (2020) 10 Cal.5th 830, 846.)

To obtain relief under section 1172.6 the defendant must first make a prima facie showing of eligibility.  (§ 1172.6, subd. (a).)  At the prima facie stage, the court must accept the defendant's allegations as true and should not engage in factfinding or the weighing of evidence.  (*People v. Lewis* (2021) 11 Cal.5th 952, 971-972.)  A court may deny a petition at the prima face stage only if the record of conviction demonstrates that

5

the petitioner is ineligible for relief as a matter of law. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

The record of conviction includes the instructions given to the jury and the jury's verdicts. (*People v. Harden*, *supra*, 81 Cal.App.5th at pp. 50, 52-56; *People v. Flores* (2023) 96 Cal.App.5th 1164, 1170.) If the record of conviction establishes that a defendant, convicted of felony murder, is the actual killer or acted with intent to kill, the petitioner is ineligible for relief as a matter of law. (§ 189, subd. (e)(1).) This is a legal conclusion that we review de novo. (*People v. Lopez, supra*, 78 Cal.App.5th at p. 14.)

Here, the jury was not instructed on the natural and probable consequences doctrine, therefore it would only be possible for defendant to be eligible for resentencing if he was convicted under a felony-murder theory. (*People v. Coley* (2022) 77 Cal.App.5th 539, 548 [affirming denial of section 1172.6 petition because the court did not instruct the jury on the natural and probable consequences doctrine].)

The court instructed the jury on both felony murder and murder with malice aforethought. However, contrary to defendant's argument, the record of conviction establishes as a matter of law that defendant was not convicted of murder based on a theory of felony murder. To find defendant guilty of murder under a felony-murder theory, the People had to prove defendant either committed or aided and abetted in the robbery count. The jury found defendant not guilty of robbery. Thus, as a matter of law defendant could have not committed a felony murder. (§ 189, subd. (a); *People v. Cortes* (2022) 75 Cal.App.5th 198, 205.) The trial court did not err in denying the petition because the record of conviction demonstrates defendant has failed to make a prima facie showing of entitlement to relief under section 1172.6.

6

## DISPOSITION

The court's order denying the petition is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
EARL, P. J.

/s/
FEINBERG, J.